**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Alice S. Kim (SBN 317479)
AKim@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2246
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

**JENNER & BLOCK LLP**
Peter J. Brennan (*pro hac vice* forthcoming)
PBrennan@jenner.com
353 North Clark Street
Chicago, IL 60654-3456
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

Attorneys for Defendant Kia America, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCHAE WINSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIA AMERICA, INC., a California Corporation,<br><br>Defendant. | Case No. 8:22-cv-2329<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL

Defendant Kia America, Inc. ("Kia") hereby provides notice of and effects the removal of this action from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one putative class member is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c) (providing that Orange County is part of the Central District of California).

## I. FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

Plaintiff Marchae Winston ("Plaintiff") filed this action in Orange County Superior Court on November 1, 2022 and effected service on or around November 29, 2022. Attached hereto as **Exhibit A** are copies of the complaint and summons in *Winston v. Kia America, Inc.*, Case No. 30-2022-01289406-CU-BT-CXC (the "State Court Action").

No substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached hereto as **Exhibit B**.

Plaintiff alleges that certain vehicles manufactured and/or sold by Kia contain a purported defect that allows these vehicles to be stolen by a third party or parties. (*See, e.g.*, Ex. A, Compl. ¶¶ 1–6, 14, 21–37.) Based on these allegations, Plaintiff asserts seven grounds for relief: (1) violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. (Count I, *id.* ¶¶ 106–29), (2) violations of the Unfair Competition Law, Cal. Bus & Prof. Code §§ 17200 *et seq*. (Count II, *id.* ¶¶ 130–47), (3) violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq*. (Count III, *id.* ¶¶ 148–60), (4) breach of implied warranty (Count IV, *id.*

¶¶ 161–69), (5) common law fraudulent concealment (Count V, *id.* ¶¶ 170–77), and (6) common law unjust enrichment (Count VI, *id.* ¶¶ 178–93).[1]

Plaintiff seeks to represent a nationwide class and a California subclass. Plaintiff's proposed nationwide class contains "[a]ll persons in the United States who (a) purchased and still own, and/or (b) lease or leased, a Class Vehicle"; her proposed California subclass contains: (1) "[a]ll persons in the State of California who (a) purchased and still own, and/or (b) lease or leased, a Class Vehicle." (*Id.* ¶¶ 79–80.) The proposed class definitions do not include any temporal limitation. *See id*.

In her prayer for relief, Plaintiff seeks a judgment against Kia for, *inter alia*, "actual, compensatory, statutory and/or liquidated damages," pre- and post-judgment interest, injunctive and other equitable relief, restitution and disgorgement of all profits and unjust enrichment, punitive damages, and attorneys' fees. (*Id.* ¶ 194.)

## II.   REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to Section 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C.

---

[1] Erroneously pleaded as Count VIII.

§ 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 547, 89 (2014) (noting that CAFA's "provisions should be read broadly").[2]

As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d).

### A. Plaintiff Has Alleged That the Putative Class Is Sufficiently Numerous.

Plaintiff purports to bring this action on behalf of "[a]ll persons in the United States who (a) purchased and still own, and/or (b) lease or leased, a Class Vehicle." (Ex. A, Compl. ¶ 79.) Plaintiff alleges that her proposed nationwide class and California subclass include "hundreds of thousands, if not millions" of putative class members (*id.* ¶ 87), and these allegations establish that the proposed class and subclass have over 100 members and thereby satisfy CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

### B. The Parties Are Minimally Diverse.

CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff purports to represent a nationwide class with class members across the United States. (*See* Ex. A, Compl. ¶ 79.) Kia is a "California corporation with its principal place of business in the County of Orange, State of California." (*Id.* ¶ 13.) The minimal diversity requirement is therefore satisfied because at least one member of the putative nationwide class resides in a state other than California. *See* 28 U.S.C. § 1332(d)(2)(A); *see also Rosas v. Carnegie Mortg., LLC*, No. 11-7692, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) ("Because the complaint alleges a 'nationwide class,' . . . minimal diversity necessarily exists.").

---

[2] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), Kia does not waive, and expressly reserves, its arguments that there is no basis to certify a class in this matter.

### C. There Is at Least $5,000,000 in Controversy.

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The court must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

To satisfy the amount-in-controversy requirement, a defendant must establish only that "the potential damages <u>could</u> exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)) (emphasis added). In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("[T]he amount in controversy is the 'amount at stake in the underlying litigation.' 'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability.").

The amount placed in controversy by Plaintiff's complaint satisfies CAFA's jurisdictional threshold. Plaintiff alleges that "hundreds of thousands of Kia vehicles . . . for year models 2010-2022" contain the purported defect (*id.* ¶ 1), and although Plaintiff's complaint does not specify a precise amount of damages, it alleges that those putative class vehicles have caused potentially "hundreds of thousands, if not millions" (*id.* ¶ 87) of putative class members various damages, including "costs associated" with vehicle theft, including repairs, "car rentals and rideshare services," and "diminished value" of the vehicles. (*Id.* ¶¶ 35, 36, 38, 47, 59.) Moreover, Plaintiff also seeks attorneys' fees, which, in the consumer class action context, can be significant. Given the existence of hundreds of thousands of putative class

vehicles and class members, it is more than "reasonably possible" that there is at least $5,000,000 in controversy. *See Greene*, 965 F.3d at 772. As such, the district courts of the United States have jurisdiction over this matter. *See* 28 U.S.C. § 1332(d)(2).

### D. Venue Is Proper.

The Central District of California is the proper venue for this action upon removal because this "district and division embrac[e]" Orange County Superior Court. 28 U.S.C. § 1441(a).

### E. Other Requirements for Removal Are Met.

This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the complaint and summons. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Plaintiff effected service on or around November 29, 2022. Because this Notice of Removal is filed within 30 days of November 29, 2022, it is timely.

No attorneys for Kia have entered an appearance or filed any pleadings or other papers responding to the complaint in Orange County Superior Court.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Kia are being filed herewith as Exhibits A and B.

Pursuant to 28 U.S.C. § 1446(d), Kia will promptly give written notice of the filing of this Notice of Removal to Plaintiff and will promptly file a written notice, along with a copy of this Notice of Removal, with the Clerk of the Orange County Superior Court and serve it on all parties.

## III. **RESERVATION OF RIGHTS AND DEFENSES**

Kia hereby reserves all of its defenses and rights, and nothing in this Notice of Removal should be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Kia's defenses.

## IV. **CONCLUSION**

WHEREFORE, Kia hereby removes this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

DATED: December 29, 2022

JENNER & BLOCK LLP

By: /s/ *Kate T. Spelman*
Kate T. Spelman

Attorneys for Defendant Kia America, Inc.